CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 14, 2025

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Stephanie Boudreaux, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00051 |
| | ) | |
| Booz Allen Hamilton, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Booz Allen Hamilton, Inc.'s ("Booz Allen") motion to dismiss Plaintiff Stephanie Boudreaux's original complaint (Dkt. 7), and Boudreaux's unopposed motion for leave to amend her complaint (Dkt. 13). Boudreaux did not attach her proposed amended complaint to the motion but later filed it on August 4, 2025. (Dkt. 14.)

Boudreaux's motion for leave to amend (Dkt. 13) is **GRANTED**. Boudreaux filed the motion more than 21 days after service of Booz Allen's motion to dismiss, so she was not entitled to amend her complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, she may amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Boudreaux has represented that she filed the motion to amend with Booz Allen's consent. (*See* Dkt. 13 at 1.) While counsel for Booz Allen did not sign the motion, Booz Allen did not file a response opposing the motion by the 14-day deadline set by W.D. Va. Local Civil Rule

Case 3:25-cv-00051-JHY-JCH    Document 15    Filed 08/14/25    Page 2 of 2
Pageid#: 108

11(c).  Given the lack of opposition to the motion and the early stage of this litigation, the

court finds that allowing the amendment serves the interest of justice.[1]

Booz Allen's motion to dismiss the original complaint (Dkt. 7) is **DENIED** as **moot**.

An amended complaint supersedes the original complaint, *see Fawzy v. Wauquiez Boats SNC*,

873 F.3d 451, 455 (4th Cir. 2017), and moots any motions directed at the original complaint,

*see, e.g.*, *Drumheller v. Food Lion, LLC*, No. 3:18-cv-00117, 2020 WL 522714, at *1 n.1 (W.D. Va.

Jan. 31, 2020).

Booz Allen shall file a responsive pleading to the amended complaint no later than 14

days from the date of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

**ENTERED** this 14th day of August, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[1] In her motion for leave to amend, Boudreaux states that she has agreed to voluntarily dismiss two claims in her original complaint with prejudice.  (*See* Dkt. 13 at 2.)  Boudreaux has not filed a separate notice or motion attempting to voluntarily dismiss those claims.  The court advises the parties that Federal Rule of Civil Procedure 41(a)(1), which allows for the voluntary dismissal of an "action," is not an appropriate vehicle for dismissing individual claims within a suit.  The proper mechanism for a plaintiff to withdraw some, but not all, claims is to file a motion to amend pursuant to Rule 15, which Boudreaux has done here.

- 2 -